IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| BRANDON ROBERTS, *paralegal*; AND JULIAN ROBERTS, *on the behalf of St. Clair C. Roberts,* <br><br> PLAINTIFFS, <br><br> v. <br><br> MIKITHER BODISON, LIEBER CORRECTIONAL INSTITUTION, SCDC DIVISION OF HEALTH SERVICES, NFN BABB, NFN JONES, AND JOHN/JANE DOE, <br><br> DEFENDANTS. | C/A No. 2:14-CV-00750-MGL-MGB <br><br><br><br> REPORT AND RECOMMENDATION |

This is a civil action filed by *pro se* litigants. Before the court are the following motions:

1. Defendant Babb's Motion to Dismiss (Dkt. No. 46)

2. Defendant Jones [sic] Motion to Dismiss (Dkt. No. 55)

3. Defendant Babb's Renewed Motion to Dismiss (Dkt. No. 77)

4. Defendant Jones' Renewed Motion to Dismiss (Dkt. No. 78.)

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

The Plaintiffs filed the instant action on or about March 6, 2014, and filed an Amended Complaint on or about March 10, 2014. (See Dkt. No. 1; Dkt. No. 5.) The Plaintiffs brought the case into proper form, and on September 8, 2014, the Honorable Wallace W. Dixon issued an Order directing the Clerk of Court to issue the summonses. (See Dkt. No. 27.) That Order stated, *inter alia*,

> **Plaintiffs are responsible for service of process**. Plaintiffs are directed to serve the applicable summons and a copy of the Amended Complaint (Dkt. No. 5) upon each Defendant. Plaintiffs are hereby apprised of Rule 4(m). Rule 4(m) of the Federal Rules of Civil Procedure provides that unless a defendant is served within 120 days after the Complaint is filed, this Court is required to dismiss an action *without prejudice* as to that particular defendant. The 120-day limit established by Rule 4(m) begins to run on the date the summonses are issued. Robinson v. Clipse, 602 F.3d 605, 608-09 (4th Cir. 2010) (tolling during initial review).
>
> Pursuant to Fed. R. Civ. P. 5, any documents filed subsequent to the initial pleading must be served on parties. Unless otherwise ordered, service of subsequently filed documents on a defendant represented by an attorney is made on the attorney. Service on attorneys who have made an appearance in this Court is effected by the Court's Electronic Case Filing system through a computer generated notice of electronic filing. However, prior to Defendants' attorney(s) making an appearance in this Court, Plaintiff must serve Defendants with any documents Plaintiff files subsequent to the initial pleading and file a certificate of service that states who was served, what document was served, and how the document was served.

(Dkt. No. 27 at 2 (emphasis in original).)

The summons were issued on September 8, 2014, and forwarded to the Plaintiffs for service of process. (See Dkt. No. 29; Dkt. No. 30.) On December 23, 2014, Plaintiff Brandon Roberts filed a Motion for Extension of Time. (Dkt. No. 32.) The undersigned granted that

request in the following Text Order: "TEXT ORDER granting 32 Motion for Extension of Time. Plaintiff given until February 15, 2015, to serve defendants." (Dkt. No. 35.) Defendants Lieber Correctional Institution and SCDC Division of Health Services answered Plaintiffs' Amended Complaint on February 2, 2015; Defendant Mikither Bodison answered on February 4, 2015. (Dkt. No. 37; Dkt. No. 39.)

This court has extended Plaintiffs' deadline to complete service **four** times. On January 9, 2015, this court granted Plaintiff's motion and extended the time to serve the defendants through February 15, 2015. (Dkt. No. 35.) On February 9, 2015, Plaintiff Brandon Roberts filed a document entitled "Plaintiffs Request for Additional 15 Days Extension of Time to Complete Service of Process and Return Service of Process or Alternatively for Late Filing of Proof and Service of Process upon Defendants Babb, M.D., & Jones, N.P." (Dkt. No. 40.) This court granted his motion in a text order. (Dkt. No. 41.) On March 20, 2015, this court ordered service "upon Defendants NFN Jones and John/Jane Doe on or before **April 9, 2015**." (Dkt. No. 49.) (Emphasis in original).

On April 8, 2015, the Plaintiff Brandon Roberts filed a Motion for Limited Discovery. (Dkt. No. 51.) The same day, he filed another motion requesting a stay of service of process on Jane/John Does, Babb and other unidentified defendants (Dkt. No. 52). The undersigned granted in part the Motion for Limited Discovery and denied stay of serving process on May 14, 2015. (Dkt. No. 63.) In the same order, the undersigned extended the time for the Plaintiffs to serve Defendants Babb and Jones through June 1, 2015. The Plaintiffs attempted to serve Defendants Babb and Jones by serving counsel for Defendants' counsel on June 29, 2015. (Dkt. No. 76.)

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part,

> (m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff-- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). In the instant case, the Amended Complaint was filed on or about March 6, 2014. (Dkt. No. 5.) The 120-day period in Rule 4(m) has long passed, and Plaintiff was given four extensions of time to serve Defendants Babb and Jones. Plaintiff has not filed sufficient Proof of Service as to Defendants Babb or Jones. The service affected on the Defendants' attorney on June 29, 2014, after the final deadline given by this court, does not comply with any of the requirements of Rule 4(e) for the acceptable manners of service. Fed. R. Civ. P. 4(e). Defendants Jones and Babb did not authorize SCDC or their attorney to accept service. (Dkt. Nos. 77 & 78.) The summonses and complaints mailed to the Defendants' attorney were not sent restricted delivery as well. (Id.) Through the date of this Report and Recommendation, Defendants Babb and Jones have not been served. In light of the foregoing, the undersigned RECOMMENDS that Defendant Babb's Renewed Motion to Dismiss (Dkt. No. 77) and Defendant Jones' Renewed Motion to Dismiss (Dkt. No. 78.) be GRANTED and Defendants Bab and Jones be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[1]

IT IS SO ORDERED.

October 27, 2015

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1] In light of the undersigned's recommendation to grant Docket Numbers 77 and 78, this court recommends Defendant Babb's Motion to Dismiss (Dkt. No. 46) and Defendant Jones [sic] Motion to Dismiss (Dkt. No. 55) be dismissed as moot.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).