IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| BRANDON ROBERTS, *paralegal*; AND JULIAN ROBERTS, *on the behalf of St. Clair C. Roberts,* | ) ) ) | C/A No. 2:14-CV-00750-MGL-MGB |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | REPORT AND RECOMMENDATION |
| MIKITHER BODISON, LIEBER CORRECTIONAL INSTITUTION, SCDC DIVISION OF HEALTH SERVICES, NFN BABB, NFN JONES, AND JOHN/JANE DOE, | ) ) ) ) ) | |
| | ) | |
| DEFENDANTS. | ) | |
| _____ | ) | |

This is a civil action filed by *pro se* litigants.  The Plaintiffs' Amended Complaint alleges causes of action under 42 U.S.C. §§ 1983, 1985-86, 1988 and state law claims under the "Wrongful Death Statute"  and the "Survival Act."  (Dkt. No. 5.)  Before the court is the Defendant's [sic] Motion to Dismiss (Dkt. No. 43).  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

The Defendant's [sic] Motion to Dismiss (Dkt. No. 43) moves to dismiss the Plaintiffs' claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure and state law on the following grounds:

1. Plaintiffs are not and never have been the Personal Representatives of the Estate of Clarence St. Clair Roberts, and therefore have no standing to bring this case pursuant to § 15-51-10,*et seq*;

2. Plaintiffs have failed to contemporaneously file an expert affidavit with the filing of their Complaint for medical malpractice which is required by S.C. Code §§ 15-36-100 and 15-79-125;

3. Plaintiffs have failed to file this claim within the accepted Statute of Limitations under S.C. Code Ann. § 15–3–530(5) and § 15-78-100;

4. Plaintiffs have named non-legal entities Lieber Correctional Institution and SCDC Health Services as parties to this action, and therefore they must be dismissed….

(Dkt. No. 43.)  Plaintiff Brandon Roberts responded to the Defendants' motion on June 8, 2015.[1]

(Dkt. No. 70.)

<u>Factual Background</u>[2]

The Plaintiffs are suing on behalf of their father, St. Clair C. Roberts, who is now deceased.  At all times relevant to the instant case, the decedent was in the custody of the South Carolina Department of Corrections at Liebert Correctional Institute.  In March of 2011, the decedent suffered a massive heart attack and died. According to an autopsy, the decedent's cause of death was acute coronary artery insufficiency.   Prior to his death, the decedent was diagnosed with diabetes and had one of his legs amputated.

The Plaintiffs allege the decedent's death was the result of many negligent, reckless, and intentional acts and omissions on the part of the Defendants.  These allegations include that the Defendants caused the decedent to go untreated for his conditions, denied him physical therapy, failed to conduct routine medical exams and tests, deviated from the proper standard of care, and ignored serious medical needs.

---

[1] The Plaintiff's reply states it was filed on behalf of both Plaintiffs.  (Dkt. No. 70.)  However, it was only signed by Plaintiff Brandon Roberts.  As Brandon Roberts is not an attorney, he can only represent himself in this case.  <u>See</u> 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel….")

[2] The factual background is taken from the Amended Complaint (Dkt. No. 5), unless otherwise noted.

2

## Standard of Review

The Defendants' Motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On a 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, while the court must draw all reasonable inferences in favor of the plaintiff, it need not accept the "legal conclusions drawn from the facts, . . .unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Giarratano*, 521 F.3d at 298).

## 42 U.S.C §1983 Claims

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting

3

under color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d

653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983); *see also Gomez v. Toledo*, 446 U.S. 635, 540

(1983); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

Section 1983 does not specifically articulate every action and remedy that may be

brought and recovered under it. *Burnett v. Grattan*, 468 U.S. 42, 47 (1984). When a claim under

§1983 requires further guidance than the section contains to be adjudicated, 42 U.S.C. §1988

provides authorization for federal courts to use appropriate rules from the forum state court. *Id.*

Courts must undertake the following three-step inquiry under § 1988:

> First, courts are to look to the laws of the United States "so far as such laws are
> suitable to carry [the civil and criminal civil rights statutes] into effect." If no
> suitable federal rule exists, courts undertake the second step by considering
> application of state "common law, as modified and changed by the constitution
> and statutes" of the forum State. A third step asserts the predominance of the
> federal interest: courts are to apply state law only if it is not "inconsistent with the
> Constitution and laws of the United States." (alterations in original)

*Id.* at 47-48 (internal citations omitted).

The Plaintiffs' §1983 claims all allege constitutional violations committed by the

Defendants that resulted in the death of their father, St. Clair C. Roberts. (*See* Dkt. No. 5.)

Therefore, before it can proceed, the court must determine whether the Plaintiffs' claims under

§1983 may survive the death of St. Clair C. Roberts. The court must utilize § 1988 to determine

if the Plaintiffs' § 1983 claims survive the death of their father. (Id.)

1. Section 1988 Step 1

Under the three-step inquiry required by § 1988, this court first must "look to the laws of

the United States 'so far as such laws are suitable to carry [the civil and criminal civil rights

statutes] into effect.'" *Burnett* 468 U.S. at 47 (internal citations omitted) (alterations in original).

The survival of civil rights actions under § 1983 following the death of the plaintiff is not covered

4

by federal law. *Robertson v. Wegmann*, 436 U.S. 584, 589 (1978).  In such situations, state law regarding such claims dictates survivability.  *Id.*

2.  Section 1988 Step 2

Because the survivability of civil rights claims under § 1983 is not addressed by federal law, the court must perform the second step in the three-step inquiry required by § 1988.  The court must determine the applicability of "the common law, as modified and changed by the constitution and statutes of the [forum] State." 42 U.S.C. § 1988(a).  The survival of the Plaintiffs' civil rights actions under § 1983 is dictated by South Carolina state law regarding such claims.  *Id.*

South Carolina has created a statutory cause of action to recover for the wrongful death of a person "in derogation of the common law rule that a tort action dies with the death of the injured person." *Crosby v. Glasscock Trucking Co.*, 340 S.C. 626, 628, 532 S.E.2d 856, 856 (2000).  In South Carolina, "[t]he right of action for wrongful death is purely statutory and did not exist at common law and may be brought only by the executor or administrator of such deceased person." *Glenn v. E. I. DuPont De Nemours & Co.*, 254 S.C. 128, 133, 174 S.E.2d 155, 157 (1970) (citing *Lilly v. Railroad Co.*, 32 S.C. 142, 10 S.E. 932.)  The South Carolina wrongful death statute states that "[w]henever the death of a person shall be caused by the wrongful act, neglect or default of another and the act…would, if death had not ensued, have entitled the party injured to maintain an action and recover damages…the person who would have been liable…shall be liable to an action for damages, notwithstanding the death of the person injured."  S.C. Code § 15-51-10.  Actions brought to recover for wrongful death "shall be brought by or in the name of the executor or administrator of such person."  S.C. Code Ann. § 15-51-20. The statute is unequivocal and

without exception that only the executor or administrator of the decedent's estate may bring an action for wrongful death.

In the case at bar, neither Plaintiff has been appointed as the personal representative, executor, or administrator of the estate of St. Clair C. Roberts ("the estate"). (See Dkt. No. 43-2.) In his reply to the motion to dismiss, Plaintiff Brandon Roberts does not dispute that neither he nor Julian Roberts are the Personal Representative of the estate. (Dkt. No. 70-1.) The Probate Court initially appointed Irene Simmons Roberts as the Personal Representative of the estate based on her affidavit that stated she was the decedent's surviving spouse. (Id.) Plaintiff Brandon Roberts made a filing with the Probate Court alleging Irene Simmons Roberts was not the decedent's surviving spouse. (Id.) The Probate Court conducted a hearing on October 21, 2011. (Id.) Following the hearing, the Probate Court entered an order terminating Irene Simmons Roberts as the Personal Representative of the estate. (Id.) In the same order, the Probate Court ordered that "[t]wenty (20) days from the date of this Order, Keyona Roberts shall be appointed to serve as Personal Representative of the Estate." (Id.) The Probate Court "suspend[ed] the appointment of Keyona Roberts" to allow Sylvia Roberts, the Plaintiffs' mother, an opportunity to petition to be Personal Representative. (Id.) The order stated "[u]pon twenty (20) days elapsing, the Court-appointment of Keyona Roberts will immediately become effective without an additional court hearing." (Id.)

Plaintiff Brandon Roberts argues that the Probate Court's Order "merely suggests an intent" to appoint Keyona Roberts. (Dkt. No. 70-1.) Plaintiff Brandon Roberts is not correct. The Probate Court's Order is final and required no further action to appoint Keyona Roberts as the estate's personal representative. The Probate Court's Order considered Plaintiff Brandon

6

Roberts' application to be the Personal Representative and specifically rejected his request. (Dkt. No. 43-2.)

Plaintiff Brandon Roberts argues that he and Plaintiff Julian Roberts should be allowed to maintain this lawsuit despite not having standing under S.C. Code Ann. § 15-51-20. (Dkt. No. 70-1.)  The Plaintiff cites Bailes v. S. Ry. Co., 227 S.C. 176, 178, 87 S.E.2d 481, 482 (1955) for the proposition that an heir may sue on behalf of a decedent's estate when the Personal Representative has failed in their capacity to pursue a claim.  (Dkt. No. 70-1.)  In Bailes, the Supreme Court of South Carolina allowed a beneficiary of a trust estate to maintain a wrongful death action where the executor of the estate settled a wrongful death claim without the knowledge or consent of any beneficiaries.  Id. at 178.  The executor then refused to bring the wrongful death suit.  Id.  The Bailes court held that "[i]f a trustee refuse, after demand, to bring action in behalf of the trust estate or the beneficiaries thereof, or if he has an adverse interest or has conspired to defeat the trust, the beneficiary may himself bring the action against the third person, joining the trustee as a defendant." Id. at 182-83.  Bailes is distinguishable from the case at bar in several ways.  The case at bar does not contain any allegations of fraud or malfeasance committed by the trustee.  Plaintiff Brandon Roberts argues that the estate's failure to investigate a wrongful death action should allow him to bring one.  (Dkt. No. 70-1.)  Failure to bring the wrongful death action alone does not amount to the underhanded dealings the executor was accused of in Bailes.

More significantly, the Plaintiffs in the case at bar have not sued the executor of the estate as required by the Bailes court for a beneficiary to maintain an action.  The Bailes court specifically held that for an heir who is not the executor of an estate to sue on the estate's behalf,

7

the plaintiff must "join[] the trustee as a defendant." <u>Bailes</u>, 227 at 173.  The Plaintiff cites

several other cases from other circuits that have allowed heirs and beneficiaries of trusts to bring

suit even though they are not the personal representative or trustee.  (<u>Id.</u>)  None of these cases

cited by the Plaintiff have any precedential effect on South Carolina law.

   3.  Section 1988 Step 3

       Having determined the appropriate South Carolina law to apply to the Plaintiffs' § 1983

claims, the court now must undertake the third step in the three-part inquiry required by § 1988.

This court must determine if the application of South Carolina law would be "inconsistent with

the Constitution and laws of the United States." *Burnett*, 468 U.S. at 47 (1984).  Whether this

court may adopt the forum state's wrongful death statute to apply to § 1983 claims is a matter of

first impression in the Fourth Circuit.  *Hoover v. Trent*, C/A No. 1:07-CV-47, 2008 WL 2992987,

at *4 (N.D.W. Va. Aug. 1, 2008).  As cited by the court in *Hoover*, courts in numerous other

jurisdictions have applied the forums state's wrongful death statute to § 1983 claims.  *See Green*

*ex rel. Estate of Green v. City of Welch*, 467 F.Supp.2d 656, 667 (S.D.W.Va.2006); *Jones v.*

*George*, 533 F.Supp. 1293, 1306 (S.D.W.Va.1982); *Carringer v. Rodgers,* 331 F.3d 844, 850

(11th Cir.2003) (stating that Georgia's wrongful death statute is incorporated into federal law

under § 1988); *Andrews v. Neer,* 253 F.3d 1052, 1057-58 (8th Cir.2001) (holding that the

Missouri wrongful death statute applies and provides the plaintiff with standing under § 1983 to

sue on behalf of the decedent); *Baker v. Putnal,* 75 F.3d 190, 195 (5th Cir.1996) (stating that "it is

the law of this circuit that individuals who are within the class of people entitled to recover under

Texas's wrongful death statute have standing to sue under § 1983 for their own injuries resulting

from the deprivation of decedent's constitutional rights"); *Berry v. City of Muskogee,* 900 F.2d

8

1489, 1504-07 (10th Cir.1990) (concluding that the federal courts must fashion a survival action, benefitting the estate of the decedent, that makes available sufficient damages to serve the deterrent function central to the purpose of § 1983); *Bass by Lewis v. Wallenstein,* 769 F.2d 1173, 1189-90 (7th Cir.1985) (incorporating punitive damages available under the Illinois wrongful death statute in assessing damages for pain and suffering and deprivation of life under a § 1983 claim); *Jaco v. Bloechle,* 739 F.2d 239, 242-45 (6th Cir.1984) (reversing dismissal of the plaintiff's § 1983 claims, despite the fact that Ohio's survival and wrongful death statutes do not give standing to the decedent's administratrix, because dismissal is contrary to the policies behind § 1983); *Ammlung v. City of Chester,* 494 F.2d 811 (3d Cir.1974) (applying the statute of limitations for wrongful death actions to § 1983 claims); *Brazier v. Cherry,* 293 F.2d 401, 407-09 (5th Cir.1961) (stating that the Georgia wrongful death statute fills the gap in applying § 1983).

The Plaintiffs are not being deprived of any right by this court barring their § 1983 claims because they do not have standing under South Carolina law. They do not allege that they were deprived personally of any constitutional right. The estate may file an action under the law, but these Plaintiffs do not have standing. This is consistent with persuasive precedent holding that lack of standing to bring a wrongful death claim in the forum state is a bar to bringing a § 1983 claim as well. *Williams v. Bradshaw*, 459 F.3d 846, 848–49 (8th Cir.2006) (holding that plaintiff, a non-personal representative, did not have standing to assert a wrongful death claim under 42 U.S.C. § 1983 because applicable state law only permitted the personal representative or all of the decedent's heirs to assert such a claim). Therefore, this court finds that the Plaintiffs do not have standing to bring a wrongful death action on behalf of the estate, and this court recommends the

Defendant's [sic] Motion to Dismiss be granted as to the Plaintiffs' §1983 claims.[3]  Having

concluded the Plaintiffs do not have standing, this court does not reach the Defendants' third

ground for dismissal that the § 1983 claims are barred by the statute of limitations.

<u>Medical Malpractice Claims</u>

In their motion, the Defendants seek dismissal of any medical malpractice claims because

the Plaintiffs did not file an expert affidavit as required by South Carolina law.  (Dkt. No. 43-1.)

In his response to the Defendants' motion, Plaintiff Brandon Roberts stated that the Plaintiffs are

not seeking to make any claims for medical malpractice.  (Dkt. No. 70.)  Therefore, to the extent

the Amended Complaint appears to assert medical malpractice claims, this court recommends the

claims be dismissed.[4]

<u>Claims Against Non-Legal Entities</u>

In addition to the recommendations made *supra* for dismissal of the Plaintiffs' claims, the

Plaintiffs' claims against Lieber Correctional Institution and SCDC Division of Health Services

are not asserted against persons within the meaning of § 1983, and this court recommends these

two parties be dismissed.  Lieber Correctional Institution and SCDC Division of Health Services

are not legal entities and are operated by the South Carolina Department of Corrections (SCDC).

It is well settled that "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't*

---

[3] To the extent that the Plaintiffs' claims are for negligence, this court recommends that the
claims be dismissed.  It is well settled that negligence is not actionable under § 1983. *See*
*Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Pink*
*v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that *Daniels* bars an
action under § 1983 for negligent conduct. . . . ").

[4] In addition to Plaintiff Brandon Roberts' statement that the Plaintiffs are not pursuing any state
claims for medical malpractice, the Defendants are correct in their second ground to dismiss that
the Plaintiffs did not comply with S.C. Code §§ 15-36-100 and 15-36-125 requiring the
contemporaneous filing of an expert affidavit with the Amended Complaint. (*See* Dkt. No. 43-1.)

*of State Police*, 491 U.S. 58, 64 (1989).  That exemption from personhood, however, "applies

only to States or governmental entities that are considered 'arms of the State' for Eleventh

Amendment purposes." *Will*, 491 U.S. at 70, 109 S.Ct. 2304; *see also Kitchen v. Upshaw*, 286

F.3d 179, 184 (4th Cir.2002) ("Eleventh Amendment immunity does not extend to mere political

subdivisions of a State such as counties or municipalities. However, the amendment does confer

sovereign immunity on an arm of the State.")   As the Supreme Court stated in *Will*,

> Section 1983 provides a federal forum to remedy many deprivations of civil
> liberties, but it does not provide a federal forum for litigants who seek a remedy
> against a State for alleged deprivations of civil liberties. The Eleventh
> Amendment bars such suits unless the State has waived its immunity or unless
> Congress has exercised its undoubted power under § 5 of the Fourteenth
> Amendment to override that immunity.

*Will*, 491 U.S. at 66 (citation omitted).  Sovereign immunity protects both the State itself and its

agencies, divisions, departments, officials, and other "arms of the State." *See Will*, 491 U.S. at

70; *see also Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997) ("[I]t has long been

settled that the reference [in the Eleventh Amendment] to actions 'against one of the United

States' encompasses not only actions in which a State is actually named as the defendant, but also

certain actions against state agents and state instrumentalities."). As a state agency, SCDC is an

arm of the State of South Carolina. *See Will*, 491 U.S. at 70; *see also Belcher v. S.C. Bd. of

Corrs.*, 460 F. Supp. 805 (D.S.C. 1978).[5] The Eleventh Amendment protects SCDC from suit

whether money damages or injunctive relief is sought. *See Seminole Tribe of Fl. v. Florida*, 517

---

[5] Furthermore, South Carolina Code Section 15-78-20(e) provides,

> Nothing in this chapter is construed as a waiver of the state's or political
> subdivision's immunity from suit in federal court under the Eleventh Amendment
> to the Constitution of the United States nor as consent to be sued in any state court
> beyond the boundaries of the State of South Carolina.

S.C. Code § 15-78-20(e).

U.S. 44, 58 (1996).  Therefore, the court recommends, in addition to the other grounds for dismissing this lawsuit, Lieber Correctional Institution and SCDC Division of Health Services be dismissed as parties.

<u>Other Possible Claims</u>

Any other claims that the Plaintiffs are attempting to make should be dismissed for failing to state a claim.  Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint must "state a claim to relief that is plausible on its face" to survive a motion to dismiss.  *Id.*   "The complaint must provide enough specificity to 'give the defendant fair notice of what the plaintiff's claim is.'"  *Pringle v. City of Charleston Police Dep't*, C/A No. 2:06-CV-3295-PMD, 2007 WL 295629, at *5 (D.S.C. Jan. 29, 2007) (quoting *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, (1993) (internal quotation omitted)).

1.   "Mental Anguish" "Counts"

The Plaintiffs' Amended Complaint contains six "counts" labeled "Pain & Emotional Distress Mental Anguish." (Dkt. No. 5 at 9-10.)  The six "counts" each state that the "acts and omissions" of the defendants caused "emotional stress" or "emotional distress" and "mental anguish" to the Plaintiffs. (*Id.*)  In each of the six "counts", the Plaintiffs list a distinct loss that they themselves suffered as a result of their father's death.  (*Id.*)  These losses include the shock of hearing of his death, the lost opportunity to reunite with him, the lost "opportunity to

experience the joy, love and affection of their father," the lost opportunity to learn from their father, the lost companionship of their father, and loss of financial support and assistance from their father.  (*Id.*)  These six "counts" do not make any factual allegations or state any causes of action.

It appears that these "counts" are a listing of damages for a wrongful death claim. However to the extent the Plaintiffs are attempting to state independent causes of action for their own injuries, these claims fail.  Under § 1983, a plaintiff must allege that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States." *Dowe*, 145 F.3d at 658 (citations omitted).  The Plaintiffs have not alleged that they were subject to deprivation of any constitutional right.   According to the Amended Complaint, only their father was subject to alleged constitutional deprivations.  (Dkt. No. 5.)

To the extent the Plaintiffs are attempting to assert the "counts" as independent causes of action under state law, there is no South Carolina law to support claims for mental anguish unattached to a viable tort.  Therefore, this court recommends the Plaintiffs' six "counts" labeled "Pain & Emotional Distress Mental Anguish" be dismissed as they fail to state a claim.

2.  42 U.S.C §§ 1985, 1986 Claims

The Plaintiffs state in their Amended Complaint that they are bringing claims pursuant to 42 U.S.C. §§ 1985-86.  (Dkt. No. 5 at 2.)  As with § 1983, neither § 1985 nor § 1986 provide whether the action may be maintained after the death of the potential plaintiff.  Section 1988, discussed *supra*, applies to all cases in federal district courts brought "for the protection of all persons in the United States in their civil rights, and for their vindication…."  42 U.S.C. § 1988(a).  Therefore, the Plaintiffs' lack of standing for their § 1983 claims would extend to their

claims under § 1985 and §1986 as well. This court recommends the Plaintiffs' § 1985 and § 1986 claims be dismissed because the Plaintiffs do not have standing under § 1988 and state law.

Even if the Plaintiffs' had standing, the Plaintiffs have failed to state a claim under 42 U.S.C. §§ 1985-86. The Fourth Circuit has put forth a "relatively stringent standard for establishing section 1985 conspiracies." *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995). To state a claim under § 1985(3), a Plaintiff must allege,

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*Id.* at 1376 (citations omitted). Additionally, the Plaintiff "must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." Id. at 1377. The Plaintiffs do not make sufficient allegations to satisfy *Simmons*. The Plaintiffs' allegations revolve entirely around the medical care their father received prior to his death in the custody of the South Carolina Department of Corrections and the effects his death had on their lives. (Dkt. No. 5.) Nowhere have the Plaintiffs alleged that any of the Defendants acted as part of a conspiracy; were motivated by any specific class-based, invidiously discriminatory animus; acted as a conspiracy resulting in their father's death; or his death was a consequence of an overt act committed by the defendants in connection with the conspiracy. The Plaintiffs have failed to state a claim under §1985. Section § 1986 imparts liability on individuals with knowledge of a conspiracy under § 1985, who have the power to stop the wrong, but neglect or refuse to stop the wrong. 42 U.S.C. § 1986. A claim under § 1986 is only viable where a proper § 1985 claim exists. *Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984); *Wilkins v. Good*, C/A No.

14

4:98-CV-233, 1999 WL 33320960, at *18 (W.D.N.C. July 29, 1999).  Therefore, this court recommends the Plaintiffs' claims, to the extent they exist, brought under § 1985 and § 1986 be dismissed.

3.  42 U.S.C § 1988 Claims

The Plaintiffs state that their Amended Complaint is brought under 42 U.S.C. §1988. (Dkt. No. 5 at 2.)  To the extent their claims require § 1988 to fill the gaps in federal law regarding wrongful death claims arising out of § 1983, the Plaintiffs are correct.  Section 1988 does not give rise to any independent causes of action.  In addition to what has already been discussed in this report and recommendation, § 1988 provides for the award of attorney's fees and expert fees in civil rights suits.  To the extent the Plaintiffs are attempting to assert a cause of action under § 1988, this court recommends the claim be dismissed.

Conclusion

Accordingly, the Magistrate Judge **RECOMMENDS** that the Defendant's [sic] Motion to Dismiss (Dkt. No. 43) be **GRANTED.**

**IT IS SO RECOMMENDED.**

November 20, 2015

Charleston, South Carolina

MARY GORDON BAKER

UNITED STATES MAGISTRATE JUDGE

15

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).