

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| BRANDON ROBERTS, paralegal; and <br> JULIAN ROBERTS, on the behalf of St. <br> Clair C. Roberts, <br>         Plaintiffs, <br><br> vs. <br><br> MIKITHER BODISON; LIEBER <br> CORRECTIONAL INSTITUTION; SCDC <br> DIVISION OF HEALTH SERVICES; NFN <br> BABB; NFN JONES; and JOHN/JANE DOE, <br>         Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 2:14-00750-MGL |

### ORDER ADOPTING THE REPORTS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTIONS TO DISMISS

This case was filed as a 42 U.S.C. § 1983 action. Plaintiffs are proceeding pro se. The matter is before the Court for review of the Reports and Recommendations (Reports) of the United States Magistrate Judge suggesting that Defendant Babb's Renewed Motion to Dismiss, ECF No. 77, Defendant Jones's Renewed Motion to Dismiss, ECF No. 78, and Defendants Mikither Bodison, Lieber Correctional Institution, and SCDC Division of Health Services' Motion to Dismiss, ECF No. 43,[1] be granted, and that Defendant Babb's Motion to Dismiss, ECF No. 46, and Defendant Jones's Motion to Dismiss, ECF No. 55, be rendered moot. The Reports were made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

---

[1] Defendants mistakenly filed their Motion to Dismiss on the docket as a Motion for Summary Judgment. However, the motion itself confirms that Defendants seek dismissal of Plaintiffs' action pursuant in part to Fed. R. Civ. P. 12(b)(6). ECF No. 43 at 1.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Reports to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Reports on October 27, 2015, and November 20, 2015, but Plaintiffs failed to file any objections to the Reports. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Reports and the record in this case pursuant to the standard set forth above, the Court adopts the Reports and incorporates them herein. Therefore, it is the judgment of the Court that Defendant Babb's Renewed Motion to Dismiss, ECF No. 77, Defendant Jones's Renewed Motion to Dismiss, ECF No. 78, and Defendants Mikither Bodison, Lieber Correctional Institution, and SCDC Division of Health Services' Motion to Dismiss, ECF No. 43, are hereby **GRANTED**. Additionally, Defendant Babb's Motion to Dismiss, ECF No. 46, and Defendant Jones's Motion to Dismiss, ECF No. 55, are **RENDERED MOOT**.

Additionally, Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without

> prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). In the instant case, Plaintiffs filed the Amended Complaint on or about March 6, 2014. ECF No. 5. The 120-day period in Rule 4(m) has long passed, and Plaintiffs were given four extensions of time to serve Defendants John/Jane Doe. Further, the Court placed Plaintiffs on notice months ago that the action against Defendants John/Jane Doe would be dismissed without prejudice if Plaintiffs failed to serve them. ECF No. 49 at 3. Plaintiffs have not filed sufficient Proof of Service as to Defendants John/Jane Doe. Through the date of this Order, Defendants John/Jane Doe have not been served. Therefore, it is also the judgment of this Court that the action against Defendants John/Jane Doe is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 30th day of December, 2015, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.